UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CHARLES K. HARRELL**                                                **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:09CV-P104-M**

**JOE BLUE**                                                        **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Charles K. Harrell filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action for failure to state a claim upon which relief can be granted.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Henderson County Detention Center ("HCDC"). He files suit against Jailer Joe Blue in his individual and official capacities. Plaintiff alleges that on October 7, 2009, he was served a food tray that had spit in one section of it. He claims that this was the second time this occurred. He claims that he complained to Jailer Blue, but did not receive any help. He says that he is now afraid to eat. He claims that the two incidents of spit on his food tray violated his Eighth Amendment right to be free from cruel and unusual punishment. He is requesting fifty thousand dollars in compensatory damages.

### II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.''" *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.     Official Capacity**

The official-capacity claim against Defendant Blue is actually a claim against his employer, Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).

In the instant case, Plaintiff alleges that he found spit on the food tray served to him at the HCDC on two isolated occasions. Plaintiff does not allege that a governmental policy or custom existed that caused his alleged harm. The incidents alleged in Plaintiff's complaint appear to be isolated occurrences. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the events alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Henderson County, the complaint fails to establish a basis of liability against the municipality

and fails to state a cognizable § 1983 claim against it.  Thus, Plaintiff's official-capacity claims will be dismissed.

**B.  Individual Capacity**

Plaintiff does not allege that Defendant Blue was responsible for spitting on his food tray. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).  Thus, Defendant Blue's position does not automatically make him liable for the actions/inactions of his subordinates.  *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).  Plaintiff's allegations against Defendant Blue relate only to his failure to take action after Plaintiff reported the spit on his tray.  As such, Plaintiff has failed to state a claim against Defendant Blue in his individual capacity.  *See Shehee*, 199 F.3d at 300.

Furthermore, to state a constitutional violation for unsanitary food preparation, a prisoner must do more than allege a single or isolated incidents of contamination.  *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).  "The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  *Smith v. Younger*, No. 95-5482, 1999 U.S. App. LEXIS 20168, *6-7 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter).  In this case, Plaintiff alleges only isolated incidents of contamination.  He does not allege that his food tray regularly contains spit.  Therefore, the allegations do not rise to the level of a constitutional violation.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Henderson County Attorney
4414.008